CHAMBERS COPY

1  Kevin T. Barnes, Esq. (#138477)
   Gregg Lander, Esq. (#194018)
2  LAW OFFICES OF KEVIN T. BARNES
   5670 Wilshire Boulevard, Suite 1460
3  Los Angeles, CA 90036-5664
   Tel.: (323) 549-9100 / Fax: (323) 549-0101
4  Email: Barnes@kbarnes.com

5  Joseph Antonelli, Esq. (#137039)
   Janelle Carney, Esq. (#201570)
6  LAW OFFICE OF JOSEPH ANTONELLI
   1000 Lakes Drive, Suite 450
7  West Covina, CA 91790-2918
   Tel.: (626) 917-6228 / Fax: (626) 917-7686
8  Email: JAntonelli@antonellilaw.com

9  Shaun Setareh, Esq. (#204514)
   LAW OFFICE OF SHAUN SETAREH
10 9454 Wilshire Boulevard, Penthouse #3
   Beverly Hills, CA 90212-2931
11 Tel.: (310) 888-7771 / Fax: (310) 888-0109
   Email: SetarehLaw@sbcglobal.net
12
   Attorneys for Plaintiff Chris Huckleby,
13 on behalf of himself and all others similarly situated

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16  CHRIS HUCKLEBY, on behalf     )  Case No. CV 11 - 03717 PSG (JEMx)
    of himself and all others similarly )
17  situated,                     )  CLASS ACTION
                                  )
18        Plaintiffs,             )  CLASS ACTION (FRCP 23)
                                  )  COMPLAINT FOR:
19      v.                        )
                                  )  1. VIOLATION OF LABOR CODE
20  MANPOWER INC., a Wisconsin    )     §227.3;
    corporation; and DOES 1 to 10 )  2. FAILURE TO TIMELY FURNISH
21  inclusive,                    )     ACCURATE ITEMIZED WAGE
                                  )     STATEMENTS;
22        Defendants.             )  3. VIOLATIONS OF LABOR CODE
                                  )     §201.3; AND
23 _____   )  4. UNFAIR BUSINESS PRACTICES.
                                  )
24                                )  REQUEST FOR JURY TRIAL

25       Plaintiff CHRIS HUCKLEBY, an individual on behalf of himself and all

26  others similarly situated (hereinafter collectively referred to as "Plaintiffs"), hereby

27  file this Complaint against Defendant MANPOWER INC. and DOES 1 to 100

28  (hereinafter collectively referred to as "Defendants"). Plaintiffs are informed and

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

HUCKLEBY V. MANPOWER - COMPLAINT

1  believe, and on the basis of that information and belief, allege as follows:

## I.

## PRELIMINARY STATEMENT

4       1.     Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 23,

5  Plaintiffs institute this Class action for actual damages, statutory penalties,

6  restitution, attorneys' fees and the costs of this action against Defendants for

7  multiple violations of the California Labor Code ("Labor Code") (including, but

8  not limited to Labor Code §200, et seq., California Business and Professions Code

9  ("B&PC") §17000, et seq. and §17200, et seq., the applicable Wage Order(s)

10  issued by the California Industrial Welfare Commission (hereinafter, the "IWC

11  Wage Order(s)") and related common law principles.

12       2.     Plaintiffs will request the Court provide notice of this class action

13  pursuant to FRCP 23(c)(2).

14       3.     Plaintiffs' action seeks monetary damages, including full restitution

15  and declaratory relief from Defendants as a result of Defendants' unlawful,

16  fraudulent and/or unfair business practices.

17  RELEVANT JOB TITLES

18       4.     The relevant job titles in this action are Defendants' formerly

19  employed California-based hourly-paid positions.

20       5.     Any differences in job activities, obligations and/or responsibilities

21  between the different individuals in Defendants' hourly-paid positions were and

22  are legally insignificant to the issues presented by this action.

23  SUMMARY OF CLAIMS

24       6.     With regard to Defendants' California-based hourly-paid positions,

25  Defendants have:

26       a.  Violated Labor Code §227.3;

27       b.  Failed to timely furnish accurate itemized wage statements;

28       c.  Violated Labor Code §201.3; and

HUCKLEBY V. MANPOWER - COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA.
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1   d.  Conducted unfair business practices.

## II.

## PARTIES

PLAINTIFF CHRIS HUCKLEBY

7.   Plaintiff CHRIS HUCKLEBY is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident of the State of California.

8.   Plaintiff CHRIS HUCKLEBY worked for Defendants as a California-based hourly-paid employee from December 2009 to April 13, 2010. Other than holidays, personal days and sick days, he worked full time (approximately five days per week for approximately eight hours per day) during this time period and consistently earned nine dollars per hour.

9.   Plaintiff CHRIS HUCKLEBY seeks recovery herein from Defendants because with regard to Plaintiff CHRIS HUCKLEBY, while acting for Defendants in his capacity as a California-based hourly-paid employee, Defendants have:

a.  Violated Labor Code §227.3;

b.  Failed to timely furnish accurate itemized wage statements;

c.  Violated Labor Code §201.3; and

d.  Conducted unfair business practices.

DEFENDANT, MANPOWER INC.

10.   Defendant MANPOWER INC. is now and/or at all times mentioned in this Complaint was a Wisconsin corporation and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DOES 1 TO 100, INCLUSIVE

11.   DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 3 -

HUCKLEBY V. MANPOWER - COMPLAINT

12.     Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names.

13.     Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

14.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

15.     Defendants, and each of them, proximately subjected Plaintiffs to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

17.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

18.     Defendants, and each of them, at all times mentioned in this Complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

19.     Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

**HUCKLEBY V. MANPOWER - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

20.     Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

## III.

## JURISDICTION AND VENUE

21.     Subject matter jurisdiction is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(a) in that the amount of damages in dispute is believed to exceed the minimum thresholds under the Class Action Fairness Act ("CAFA").

22.     Venue is proper in the Central District of California in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

## IV.

## CLASS ACTION ALLEGATIONS

23.     FRCP Rule 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

24.     Plaintiffs bring this suit as a class action pursuant to FRCP Rule 23(a) and Rules 23(b)(1), 23(b)(2) and/or 23(b)(3), on behalf of individuals who are entitled to the monies unlawfully withheld by Defendants.

25.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

///

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**HUCKLEBY V. MANPOWER - COMPLAINT**

a. All formerly employed California-based hourly-paid employees employed by Defendants during the appropriate time period to whom Defendants failed to pay all vested vacation time when they separated from Defendants' employment pursuant to Labor Code §227.3 (hereinafter, the "Vacation Pay Class");

b. All formerly employed California-based hourly-paid employees employed by Defendants during the appropriate time period to whom Defendants failed to provide accurate itemized wage statements (hereinafter, the "Wage Statement Class");

c. All formerly employed California-based hourly-paid employees employed by Defendants during the appropriate time period regarding whom Defendants failed to comply with Labor Code §201.3 because all appropriate vacation pay was not timely provided (hereinafter, the "LC 201.3 Class"); and

d. All formerly employed California-based hourly-paid employees employed by Defendants during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as described herein (hereinafter, the "17200 Class").

26. The Vacation Pay Class, Wage Statement Class, LC 201.3 Class and 17200 Class are hereinafter collectively referred to as the "Classes."

27. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

///

///

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-9101

- 6 -

**HUCKLEBY V. MANPOWER - COMPLAINT**

28. <u>Numerosity</u> (<u>FRCP</u> 23(a)(1)):

    a. The potential quantity of members of the Classes as defined is so numerous that joinder of all members would be unfeasible and impractical.

    b. The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court.

    c. The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that each of the Classes numbers greater than 100 individuals.

    d. The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

29. <u>Questions of Law or Fact Common To The Class</u> (<u>FRCP</u> 23(a)(2)): There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    a. Whether Defendants failed to timely pay all vested vacation pay to the members of the Vacation Pay Class;

    b. Whether Defendants failed to timely furnish accurate itemized statements to the members of the Wage Statement Class;

    c. Whether Defendants are liable pursuant to <u>Labor Code</u> §201.3;

    d. Whether Defendants' conduct constitutes unfair competition within the meaning of <u>B&PC</u> §17200, et seq.;

    e. Whether Defendants' conduct constitutes unfair business practices within the meaning of <u>B&PC</u> §17200, et seq.;

    f. Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

    g. Whether the members of the Classes are entitled to injunctive

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**HUCKLEBY V. MANPOWER - COMPLAINT**

1   relief;

2       h.  Whether the members of the Classes are entitled to restitution; and

3       i.   Whether Defendants are liable for attorneys' fees and costs.

4   30.   Typicality (FRCP 23(a)(3)): The claims of Plaintiff CHRIS

5   HUCKLEBY are typical of the claims of all members of the Classes he seeks to

6   represent because all members of the Classes sustained injuries and damages

7   arising out of Defendants' common course of conduct in violation of law and the

8   injuries and damages of all members of the Classes were caused by Defendants'

9   wrongful conduct in violation of law, as alleged herein.

10   31.   Adequacy (FRCP 23(a)(4)): Plaintiff CHRIS HUCKLEBY:

11       a.  is an adequate representative of the Classes he seeks to represent;

12       b.  will fairly protect the interests of the members of the Classes;

13       c.  has no interests antagonistic to the members of the Classes; and

14       d.  will vigorously pursue this suit via attorneys who are competent,

15           skilled and experienced in litigating matters of this type.

16   32.   Superiority (FRCP 23(b)): The nature of this action and the nature of

17   the laws available to Plaintiffs make the use of the class action format particularly

18   efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs

19   alleged herein. Further, this action is maintainable as a class action because the

20   prerequisites of FRCP 23(a) are satisfied as outlined above, and in addition:

21       a.   California has a public policy which encourages the use of the

22            class action device;

23       b.   By establishing a technique whereby the claims of many

24            individuals can be resolved at the same time, the class suit both

25            eliminates the possibility of repetitious litigation and provides

26            small claimants with a method of obtaining redress for claims

27            which would otherwise be too small to warrant individual

28            litigation;

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 8 -

HUCKLEBY V. MANPOWER - COMPLAINT

c.   This case involves a small number of large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.   If each individual member of each of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.   Requiring each individual member of each of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.   Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.   Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i)   a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

ii)    a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii)    inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants; and

iv)    potentially incompatible standards of conduct for Defendants;

v)    potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.    The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto; and

i.    Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions. The Supreme Court of California urges trial courts to be procedurally innovative in managing class actions, which have an obligation to consider the use of innovative procedural tools to certify a manageable class.

33.    Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238).

///

Law Offices of
Kevin T. Barnes
870 Wilshire Blvd.
Suite 1450
Los Angeles, CA
90036-3614
Tel.: (323) 549-9614
Fax: (323) 549-0101

- 10 -

**HUCKLEBY V. MANPOWER - COMPLAINT**

# V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY VESTED VACATION PAY

#### (On Behalf of the Vacation Pay Class)

#### (Against All Defendants)

34.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

35.     Labor Code §227.3 states in pertinent part: "[W]henever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

36.     At all times relevant to this action, Defendants had a uniform and consistent corporate policy, procedure and practice to provide paid vacations to the members of the Vacation Pay Class, as follows: "Vacation Pay: You're eligible to receive 40 hours of vacation pay when you accumulate 1500 approved and processed hours during a single ** plan year. Vacation pay is calculated as 40 hours at your average hourly rate during the period in which you accumulated 1500 hours. Vacation pay is issued automatically to you as a separate payment after your 1500 hours. Hours must be processed by the last Wednesday of the year. You do not need to take time off to receive your vacation pay. You are eligible for one vacation payment per year and cannot be paid in increments. Additional hours cannot be carried over to qualify as eligible hours in the next plan year. **Note: If you do not work for Manpower for a period of 90 calendar days, all hours**

**HUCKLEBY V. MANPOWER - COMPLAINT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

**previously accrued toward vacation pay will be forfeited.**" (See Defendants' Vacation policy, attached hereto as Exhibit "1" (emphasis in original)).

37.   During his employment by Defendants, Plaintiff CHRIS HUCKLEBY was eligible to receive vacation pay pursuant to Defendants' vacation pay policy, as set forth herein in paragraph number 36.

38.   During his employment by Defendants, Plaintiff CHRIS HUCKLEBY accrued vacation time as set forth herein in paragraph number 36.

39.   Plaintiff CHRIS HUCKLEBY separated from his employment with Defendants during the relevant time period.

40.   Plaintiff CHRIS HUCKLEBY has not been paid for all vested vacation time based on Defendants' vacation pay policy.

41.   Defendants' policy of only allowing vacation to be paid when Plaintiff CHRIS HUCKLEBY accumulated 1500 approved hours during a single year is an unlawful forfeiture, as Plaintiff CHRIS HUCKLEBY should be paid a "pro-rated" amount of vacation earned. Likewise, Defendants' vacation pay policy expressly and unlawfully prohibited Plaintiff CHRIS HUCKLEBY from carrying over eligible hours from one year to the next and required Plaintiff CHRIS HUCKLEBY to forfeit any vacation pay if he did not work for a period of 90 calendar days.

42.   As such, Plaintiff CHRIS HUCKLEBY is entitled to damages and restitution in an amount according to proof at trial.

43.   Further, during their employment by Defendants, the members of the Vacation Pay Class were eligible to receive vacation pay pursuant to Defendants' vacation pay policy, as set forth herein in paragraph number 36.

44.   During their employment by Defendants, the members of the Vacation Pay Class accrued vacation time as set forth herein in paragraph number 36.

45.   The members of the Vacation Pay Class separated from their employment with Defendants during the relevant time period.

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

**HUCKLEBY V. MANPOWER - COMPLAINT**

46. Each member of the Vacation Pay Class has not been paid for all vested vacation time based on Defendants' vacation pay policy.

47. Defendants' policy of only allowing vacation to be paid when the members of the Vacation Pay Class accumulated 1500 approved hours during a single year is an unlawful forfeiture, as the members of the Vacation Pay Class should be paid a "pro-rated" amount of vacation earned. Likewise, Defendants' vacation pay policy expressly and unlawfully prohibited the members of the Vacation Pay Class from carrying over eligible hours from one year to the next and required the members of the Vacation Pay Class to forfeit any vacation pay if he did not work for a period of 90 calendar days.

48. Defendants' consistent and uniform vacation pay policies, practices and procedures resulted in Defendants failing to timely pay as wages at the final wage rate all vested vacation time due and owing to the members of the Vacation Pay Class after their separation.

49. As such, the members of the Vacation Pay Class are entitled to damages and restitution in an amount according to proof at trial.

50. "Based on the plain and ordinary meaning of the statutory language, Labor Code section 227.3 cannot be interpreted to exclude unused vacation that vested more than two or four years before the employee was terminated from the unused vacation time for which a terminated employee must be paid." Church v. Jamison (2006) 143 Cal.App.4th 1568, 1580. Further, "Labor Code section 227.3 cannot itself be the source of a look-back period that limits the right to recover for unused vested vacation." Id. at 1581.

51. Pursuant to Labor Code §218.6 and CC §3287, the members of the Vacation Pay Class seek recovery of pre-judgment interest on all amounts recovered herein.

///

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA.
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

52.   Pursuant to Labor Code §218.5 and CC §3287, the members of the Vacation Pay Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**SECOND CAUSE OF ACTION**

**FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

**(On Behalf of the Wage Statement Class)**

**(Against All Defendants)**

53.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

54.   This cause of action is wholly derivative of Plaintiffs' first cause of action for failure to pay vested vacation pay, in that if Plaintiffs' vested vacation pay allegations are true, then Defendants' wage statements are derivatively inaccurate.

55.   Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

56.   Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and

LAW OFFICES OF
KEVIN T. BARNES
670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

1  ends each work period. Meal periods, split shift intervals, and total daily hours

2  worked shall also be recorded…(5) Total hours worked in the payroll period and

3  applicable rates of pay….”

4      57.    Therefore, pursuant to <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u>

5  §7(A), California employers are required to maintain accurate records pertaining to

6  the total hours worked for Defendants by the members of the Wage Statement

7  Class, including but not limited to, beginning and ending of each work period,

8  meal period and split shift interval, the total daily hours worked, and the total hours

9  worked per pay period and applicable rates of pay.

10      58.    As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the

11  <u>IWC Wage Orders</u> §7(A), Defendants knowingly and intentionally did not furnish

12  Plaintiff CHRIS HUCKLEBY with an accurate itemized statement in writing

13  because Defendants failed to include all accrued vacation time earned by Plaintiff

14  CHRIS HUCKLEBY on his wage statements.

15      59.    Further, as a pattern and practice, in violation of <u>Labor Code</u> §226(a)

16  and the <u>IWC Wage Orders</u> §7(A), Defendants knowingly and intentionally did not

17  and still do not furnish each of the members of the Wage Statement Class with an

18  accurate itemized statement in writing because Defendants failed to include all

19  accrued vacation time earned by the members of the Wage Statement Class on

20  their wage statements.

21      60.    Plaintiff CHRIS HUCKLEBY and the members of the Wage

22  Statement Class have suffered injury as a result of Defendants’ knowing and

23  intentional failure to maintain accurate records for the members of the Wage

24  Statement Class in that the members of the Wage Statement Class were not timely

25  provided written accurate itemized statements showing all requisite information,

26  including but not limited to total hours worked by the employee, net wages earned

27  and all applicable hourly rates in effect during the pay period and the

28  corresponding number of hours worked at each hourly rate, in violation of <u>Labor</u>

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 15 -

**HUCKLEBY V. MANPOWER - COMPLAINT**

Code §226 and the <u>IWC Wage Orders</u> §7(A), such that the members of the Wage
Statement Class were misled by Defendants as to the correct information regarding
various items, including but not limited to total hours worked by the employee, net
wages earned and all applicable hourly rates in effect during the pay period and the
corresponding number of hours worked at each hourly rate.

61.   Pursuant to <u>Labor Code</u> §226(e), the members of the Wage Statement
Class suffered injury as a result of Defendants' knowing and intentional failure to
comply with Labor Code §226(a) and are therefore entitled to fifty dollars ($50.00)
per employee for the initial pay period in which a violation hereunder occurs and
one hundred dollars ($100.00) per employee for each violation in a subsequent pay
period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

62.   Pursuant to <u>Labor Code</u> §226(g), the currently-employed members of
the Wage Statement Class are also entitled to injunctive relief to ensure
Defendants' compliance with <u>Labor Code</u> §226.

63.   Pursuant to <u>Labor Code</u> §226(e) and/or §226(g), the members of the
Wage Statement Class are also entitled to an award of costs and reasonable
attorneys' fees.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF <u>LABOR CODE</u> §201.3 REGARDING

### LATE CHECKS TO TEMPORARY SERVICE EMPLOYEES

### (On Behalf of the Late Checks Class)

### (Against All Defendants)

64.   Plaintiffs incorporate by reference and reallege each and every one of
the allegations contained in the preceding and foregoing paragraphs of this
Complaint as if fully set forth herein.

65.   This cause of action is wholly derivative of Plaintiffs' first cause of
action for failure to pay vested vacation pay, in that if Plaintiffs' vested vacation
pay allegations are true, then Defendants did not pay all wages due and owing

LAW OFFICES OF
KEVIN T. BARNES
6670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90016-5614
TEL: (323) 549-9300
FAX: (323) 549-0101

1   pursuant to Labor Code §201 or §202.

2       66.   Labor Code §201.3(b)(4) states "If an employee of a temporary

3   services employer is assigned to work for a client and is discharged by the

4   temporary services employer or leasing employer, wages are due and payable as

5   provided in Section 201."

6       67.   Labor Code §201(a) states in pertinent part: "If an employer

7   discharges an employee, the wages earned and unpaid at the time of discharge are

8   due and payable immediately."

9       68.   Labor Code §201.3(b)(5) states "If an employee of a temporary

10  services employer is assigned to work for a client and quits his or her employment

11  with the temporary services employer, wages are due and payable as provided in

12  Section 202."

13      69.   Labor Code §202(a) states in pertinent part: "If an employee not

14  having a written contract for a definite period quits his or her employment, his or

15  her wages shall become due and payable not later than 72 hours thereafter, unless

16  the employee has given 72 hours previous notice of his or her intention to quit, in

17  which case the employee is entitled to his or her wages at the time of quitting."

18      70.   Plaintiff CHRIS HUCKLEBY was discharged by Defendants and/or

19  his leasing employer during the appropriate time period.

20      71.   Defendants had a consistent and uniform policy, practice and

21  procedure of failing to timely pay the earned wages of Plaintiff CHRIS

22  HUCKLEBY at the time of his discharge because Defendants failed to include all

23  accrued vacation time earned by Plaintiff CHRIS HUCKLEBY with his final

24  wages.

25      72.   Defendants' failure to timely pay all final wages to Plaintiff CHRIS

26  HUCKLEBY violates Labor Code §§201.3(b)(4) and 201.3(b)(5).

27  ///

28  ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 17 -

**HUCKLEBY V. MANPOWER - COMPLAINT**

73.   Thus, Plaintiff CHRIS HUCKLEBY is entitled to recovery pursuant to Labor Code §201.3(c), in the amount of his daily wage multiplied by the number of days, up to thirty, that he was not paid all final wages.

74.   Further, the members of the Late Checks Class were either discharged by Defendants and/or their leasing employer or quit their employment with Defendants during the appropriate time period.

75.   Defendants had a consistent and uniform policy, practice and procedure of failing to timely pay the earned wages of the members of the Late Checks Class at the time of their discharge or quitting, because Defendants failed to include all accrued vacation time earned by the members of the Late Checks Class with their final wages.

76.   Defendants' failure to timely pay final wages to the members of the Late Checks Class violates Labor Code §§201.3(b)(4) and 201.3(b)(5).

77.   Thus, the members of the Late Checks Class are entitled to recovery pursuant to Labor Code §201.3(c), in the amount of each Late Checks Class Members' daily wage multiplied by the number of days, up to thirty, that they were not paid all final wages.

## FOURTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (On Behalf of the 17200 Class)
### (Against All Defendants)

78.   Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

79.   B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

///

///

LAW OFFICES OF
KEVIN T. BARNES
4670 WILSHIRE BLVD.
SUITE 1650
LOS ANGELES, CA
90036-5654
TEL.: (323) 549-9100
FAX: (323) 549-0101

80. B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

81. B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

82. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of this Complaint, thereby depriving Plaintiff CHRIS HUCKLEBY and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

83. Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by violating Labor Code §§227.3, 226 and/or 203, with regard to all formerly-employed California-based hourly-paid employees employed by Defendants during the appropriate time period.

84. Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

85. Plaintiff CHRIS HUCKLEBY and the members of the 17200 Class have suffered injury in fact and have lost money or property as a result of such unfair competition.

86. Plaintiff CHRIS HUCKLEBY and the members of the 17200 Class seek full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101

87.     Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs.

88.     Therefore, Plaintiff CHRIS HUCKLEBY and the members of the 17200 Class request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

89.     Plaintiff CHRIS HUCKLEBY and the members of the 17200 Class seek the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendants.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.      That the Court issue an Order certifying the Classes herein, appointing the named Plaintiff(s) as representative of all others similarly situated, and appointing the law firm(s) representing the named Plaintiff(s) as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay Vested Vacation Pay:

b.      For damages regarding wages due and owing, according to proof;

c.      For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

d.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5;

As to the Second Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

e.      For recovery as authorized by Labor Code §226(e);

f.      For injunctive relief to ensure Defendants' compliance with Labor Code §226 and the IWC Wage Orders §7(A) pursuant to Labor Code §226(g);

///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 20 -

**HUCKLEBY V. MANPOWER - COMPLAINT**

g.      For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(g);

As to the Third Cause of Action for Violations of Labor Code §201.3:

h.      For recovery as authorized by Labor Code §201.3(c);

As to the Fourth Cause of Action for Unfair Business Practices:

i.      For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to members of the Classes who are owed monies by Defendants;

j.      For an Order requiring Defendants to identify each of the members of the Classes by name, home address, and home telephone number;

k.      For an Order requiring Defendants to make full restitution and payment pursuant to California law;

l.      For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

m.      For the creation of an administrative process wherein each injured member of the Classes may submit a claim in order to receive his/her money;

n.      For all other appropriate injunctive, declaratory and equitable relief;

o.      For interest to the extent permitted by law;

p.      For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to California Code of Civil Procedure §1021.5, B&PC §17200, et seq. and/or any other applicable provision of law;

As to All Causes of Action:

q.      For such other and further relief as this Court may deem just and proper; and

r.      For reasonable attorneys' fees and costs incurred.

///

///

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101

- 21 -

**HUCKLEBY V. MANPOWER - COMPLAINT**

# VII.

## **REQUEST FOR JURY TRIAL**

Plaintiffs hereby request trial of their claims by jury to the extent authorized by law.

Dated: April 29, 2011

LAW OFFICES OF KEVIN T. BARNES

By: _____
Kevin T. Barnes, Esq.
Gregg Lander, Esq.
Attorneys for Plaintiffs

**HUCKLEBY V. MANPOWER - COMPLAINT**

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel.: (323) 549-9100
Fax: (323) 549-0101

EXHIBIT 1

# Benefits

Manpower offers a comprehensive benefits program. Your Manpower Representative will provide you with information outlining the specific benefits available for your area.

**Paid Holidays:** Manpower associates are eligible to be paid for any of these holidays: New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day. To qualify for each paid holiday, you must have worked 1800 hours during the 52 weeks prior to the holiday. You must also be currently working on an assignment at the time of the holiday. Note: Currently working is defined as working during the week ending prior to the holiday and the week ending of the holiday.

**Vacation Pay:** You're eligible to receive 40 hours of vacation pay when you accumulate 1800 approved and processed hours during a single "plan year. Vacation pay is calculated as 40 hours at your average hourly rate during the period in which you accumulated 1800 hours. Vacation pay is issued automatically to you as a separate payment after your 1800 hours. Hours must be processed by the last Wednesday of the year. You do not need to take time off to receive your vacation pay. You are eligible for one vacation payment per year and cannot be paid in increments. Additional hours cannot be carried over to qualify as eligible hours in the next plan year. Note: If you do not work, for Manpower for a period of 26 calendar days, all hours previously accrued toward vacation pay will be forfeited.

**Referral Bonus.** You can earn extra money by helping us find talented people. When you refer someone to Manpower and he or she completes at least 40 hours of work, you may receive a referral bonus. If the referral program is available in your area, a referral form will be included with this booklet.

*Benefits not applicable to Wagemaster* personnel. Manpower, as employer, reserves the right to amend or withdraw this benefits program in whole, or in part, at any time and at its sole discretion. "Plan year is defined as beginning on the first Thursday following the last Wednesday of December and ending on the last Wednesday of December of the following year.

13

With over

# 800

offices in
North America,
we're always
nearby.



MAN0009